CLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED
for Roanoke
MAY 26 2010
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JESSE DUNAWAY,<br>Petitioner, | Civil Action No. 7:10-cv-00120 |
| v. | MEMORANDUM OPINION |
| DIR. OF THE DEPT. OF CORR.,<br>Respondent. | By: Hon. Jackson L. Kiser<br>Senior United States District Judge |

Jesse Dunaway, a Virginia prisoner proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner argues that his conviction was obtained in violation of the Sixth and Fourteenth Amendments. Respondent filed a motion to dismiss, and petitioner responded, making the matter ripe for disposition. After reviewing the record, I grant the respondent's motion to dismiss.

I.

The Circuit Court of Halifax County entered petitioner's criminal judgment on June 26, 2006, convicting him of being an organizer of a continuing criminal enterprise, pursuant to Virginia Code §18.2-248(H2); attempting to manufacture marijuana; and conspiring to distribute less than one half-ounce of marijuana. The circuit court sentenced him, inter alia, to life imprisonment for organizing a continuing criminal enterprise, one year imprisonment for the attempt to manufacture marijuana, and six-months imprisonment for the conspiracy.

Petitioner appealed to the Court of Appeals of Virginia, which affirmed his convictions by a written opinion. Dunaway v. Commonwealth, 52 Va. App. 281, 663 S.E.2d 117 (Va. Ct. App. 2008). The Supreme Court of Virginia subsequently denied petitioner's timely petition for appeal. Petitioner filed a state habeas corpus petition with the Supreme Court of Virginia, which was subsequently dismissed by a written opinion. Dunaway v. Warden of the Red Onion State

Prison, No. 091984, slip op. (Va. Jan. 22, 2010).

Petitioner then timely filed the instant federal habeas petition. Petitioner alleges that his conviction was obtained in violation of his federal constitutional rights because: (1) the jury did not unanimously agree to all the elements of his continuing criminal enterprise offense; (2) the jury received defective instructions before deliberating; (3) the state courts unconstitutionally interpreted Virginia Code § 18.2-248(H2); and (4) petitioner's counsel provided ineffective assistance. Petitioner presented these claims to the Supreme Court of Virginia in his state habeas petition.

## II.

### A.

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."[1] 28 U.S.C. § 2254(a). After a state court addressed the merits of a claim also raised in a federal habeas petition, a federal court may not grant the petition unless the state court's adjudications of a claim is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination is "contrary to" federal law if

---

[1] Moreover, a federal court "may not grant a writ of habeas corpus to petitioner in state custody unless the petitioner has first exhausted his state remedies by presenting his claims to the highest state court." Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000). See O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). Respondent acknowledges that petitioner exhausted his state court remedies for his present claims.

it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. A federal court may also issue the writ under the "unreasonable application" clause if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. This reasonableness standard is an objective one. Id. at 410. A Virginia court's findings can not be deemed unreasonable merely because it does not cite established United States Supreme Court precedent on an issue if the result reached is not contrary to that established precedent. See Mitchell v. Esparza, 540 U.S. 12, 16 (2003). A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. § 2254(e)(1)). See, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

B.

A federal claim is procedurally defaulted when "a state court has declined to consider the claim's merits on the basis of an adequate and independent state procedural rule." Hedrick v. True, 443 F.3d 342, 359 (4th Cir. 2006). A state court's finding of procedural default is entitled to a presumption of correctness, provided two foundational requirements are met. See 28 U.S.C. § 2254(d); Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259-61 (1989). Second, the state

3

procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Ford v. Georgia, 498 U.S. 411, 423-24 (1991); Harris, 489 U.S. at 260. A state procedural rule is "independent" if it does not depend upon a federal constitutional ruling and "adequate" if it is firmly established and regularly or consistently applied by the state court. Yeatts v. Angelone, 166 F.3d 255, 263-64 (4th Cir. 1998).

The Supreme Court of Virginia reviewed petitioner's state habeas petition and explicitly dismissed claims one, two, and three pursuant to Slayton v. Parrigan, 215 Va. 27, 305 S.E.2d 680 (1974)[2]. The United States Court of Appeals for the Fourth Circuit has "repeatedly recognized that the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998) (internal quotations omitted). Therefore, the Supreme Court of Virginia dismissed these claims pursuant to an independent and adequate state procedural rule, and petitioner procedurally defaulted these claims.

When a claim is procedurally defaulted, I may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice. Harris, 489 U.S. at 262. The existence of cause ordinarily turns upon a showing of (1) ineffective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v. Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990). A court does not need to consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995).

---

[2]Slayton requires a defendant to present a federal Constitutional claim during trial and appellate phases or the defendant risks waiving the claim during post-conviction proceedings.

4

Petitioner argues that I should excuse his procedural default because the Supreme Court of Virginia did not interpret § 18.2-248(H2), he raises novel issues, and he received ineffective assistance of counsel. (Pet. 19.) However, petitioner fails to carry his burden of persuasion to excuse his procedural default.

Upon petitioner's direct appeal, the Supreme Court of Virginia did not issue its own opinion. Because the Virginia Supreme Court refused the appeal without a discussion of the issues, I look to the Court of Appeals' opinion for the reasons affirming the lower court's ruling. See Ylst, 501 U.S. at 805-06 ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); Bennett v. Angelone, 92 F.3d 1336, 1343 (4th Cir. 1996). "The maxim is that silence implies consent, not the opposite – and courts generally behave accordingly, affirming without further discussion when they agree, not when they disagree, with the reasons given below." Ylst, 501 U.S. at 804. However, petitioner did not allege that Virginia courts failed to constitutionally interpret § 18.2248(H2) to the Court of Appeals, and, unsurprisingly, the Court of Appeals did not address the issue. See Va. Sup. Ct. R. 5A:12(c), 5A:20 (discussing requirements for questions presented on appeal); Atkins v. Commonwealth, 272 Va. 144, 149, 631 S.E.2d 93, 95 (2006) (failure to brief an assignment of error constitutes a waiver of the issue). Therefore, any lack of discussion on the statute's constitutionality is a result of petitioner not raising the argument on appeal, constituting a circuitous argument to not excuse, but merely re-establish, procedural default.

A claim is novel to excuse procedural default when "its basis [was] not reasonably available to [trial] counsel." Reed v. Ross, 468 U.S. 1, 16 (1984). "A claim may be held

5

sufficiently novel when, at the time of its default, the legal tools, i.e., case law, necessary to conceive and argue the claim were not yet in existence and available to counsel." Poyner v. Murray, 964 F.2d 1404, 1424 (4th Cir. 1992) (citing Engle v. Isaac, 456 U.S. 107 (1982)).

Petitioner believes that the jury found him guilty despite the fact that it did not specifically find petitioner guilty of individual violations that make up a continuing criminal enterprise, i.e., that the evidence was insufficient to sustain his conviction. A Fourteenth Amendment due process claim based upon insufficient evidence is clearly not novel. See In re Winship, 397 U.S. 358 (1970) (established a due process right against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged). See also Patterson v. New York, 432 U.S. 197 (1977) (clarifying Winship so that proof beyond a reasonable doubt is only required for facts establishing the elements of the charged offense).

Furthermore, the specific case law on which petitioner relies, Richarson v. United States, 526 U.S. 813 (1999), existed for more than five years before petitioner was even arrested for his offenses. Richardson analyzed the analogous federal criminal statute that prohibits a continuing criminal enterprise, 21 U.S.C. § 848.[3] The Supreme Court of the United States held that a jury must unanimously find a defendant guilty of specific, predicate violations that together constitute

---

[3]Title 21, section 848(a) states:
[A] person is engaged in a continuing criminal enterprise if --
    (1) he violates any provision of [the federal drug laws, i.e.,] this subchapter or subchapter II of this chapter the punishment for which is a felony, and
    (2) such violation is a part of a continuing series of violations of [the federal drug laws, i.e.,] this subchapter or subchapter II of this chapter --
        (A) which are undertaken by such person in concert with five or more other persons with respect to whom such person occupies a position of organizer [or supervisor or manager] and
        (B) from which such person obtains substantial income or resources.

the continuing series of violations. In contrast, Virginia's continuing criminal enterprise statute applicable to petitioner, § 18.2-248(H2)[4], was enacted by amendments in 2000 and 2005. The claim that petitioner presently raises, that juror unanimity of guilt is necessary for the continuing offenses of a continuing criminal enterprise, is not novel because petitioner had the "legal tools" to argue the claim to the trial and appellate court and do not excuse his procedural default.

Petitioner argues that counsel's failure to raise claims one, two, and three in trial and on appeal constitutes an independent claim of ineffective assistance of counsel warranting the issuance of the writ and also to excuse his procedural default. To prove ineffective assistance of counsel, a petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984). If a petitioner has not satisfied one prong of the Strickland test, the court does not need to inquire whether he has satisfied the other prong. Strickland, 466 U.S. at 697. Furthermore, "an attorney's acts or omissions that are not unconstitutional individually cannot be added together to create a constitutional violation." Fisher v. Angelone, 163 F.3d 835, 852-53 (4th Cir. 1998).

---

[4]Section 18.2-248(H2), as applicable to petitioner, states:
Any person who was the principal or one of several principal administrators, organizers or leaders of a continuing criminal enterprise if (i) the enterprise received $ 250,000 or more in gross receipts during any 12-month period of its existence from the manufacture, importation, or distribution of heroin or cocaine or ecgonine or methamphetamine or the derivatives, salts, isomers, or salts of isomers thereof or marijuana or (ii) the person engaged in the enterprise to manufacture, sell, give, distribute or possess with the intent to manufacture, sell, give or distribute the following during any 12-month period of its existence:

2. At least 10 kilograms of a mixture or substance containing a detectable amount of:
   a. Coca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed;
   b. Cocaine, its salts, optical and geometric isomers, and salts of isomers;
   c. Ecgonine, its derivatives, their salts, isomers, and salts of isomers; or
   d. Any compound, mixture, or preparation which contains any quantity of any of the substances referred to in subdivisions a through c; [or]
3. At least 5.0 kilograms of a mixture or substance described in subdivision 2 which contains cocaine base[.]

The first prong of Strickland requires a petitioner to show that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" meaning that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. Strickland established a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "Judicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight . . . and to evaluate the [challenged] conduct from counsel's perspective at the time." Id. Furthermore, "effective representation is not synonymous with errorless representation." Springer v. Collins, 586 F.2d 329, 332 (4th Cir. 1978). The second prong of Strickland requires a petitioner to show that counsel's deficient performance prejudiced him. Strickland, 466 U.S. at 692. To establish prejudice, a petitioner must show that there is a "reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine the confidence of the outcome." Id.

The basis of petitioner's allegations is that the jury did not determine the "three or more 'violations' of drug laws . . . to establish the imperative 'continuing series of violations[.]'" (Pet.r's Resp. (no. 13) ¶ 5.) Petitioner alleges that counsel was ineffective for not raising this issue during and post-trial. Upon reviewing this claim, the Supreme Court of Virginia recognized that petitioner argued "that counsel should have asked what violations were being relied on by the Commonwealth to establish the 'continuing series of violations' and should have inquired about the elements, proper jury instructions, and the correct interpretation of the continuing criminal enterprise statute." However, the Supreme Court of Virginia held that "the

8

jury was properly instructed that it had to find each element . . . [that] petitioner had engaged in a continuing criminal enterprise . . . . [and] that petitioner sold cocaine as part of a continuing series of violations . . . ." Dunaway v. Warden, No. 091984, slip op. at 3. Therefore, it concluded, "the jury instructions were proper and counsel had no valid legal basis upon which to object." Id.

The circuit court's seventeenth jury instruction described how the jury could find petitioner guilty beyond a reasonable doubt of violating § 18.2-248(H2). The instruction related that petitioner would have to be (1) a principal (2) engaged in a continuing criminal enterprise that (3) distributed either at least 2.5 or at least 5 kilograms of cocaine or its derivatives.[5] In order for the jury to find that petitioner engaged in a continuing criminal enterprise, the circuit court's eighteenth jury instruction required the jury to first determine that petitioner (1) sold cocaine (2) as part of a continuing series of violations (3) with at least five other people who were subordinate to the defendant.

Petitioner fails to establish that the Supreme Court of Virginia's adjudication of this claim was contrary to or an unreasonable application of federal law or based on an unreasonable application of the facts. The instructions did not provide the jury discretion in determining what violations constituted the continuing criminal enterprise; rather, the jury had to unanimously agree that selling cocaine was the basis of the enterprise. Without unanimous assent to that proposition, the jury was required to find the defendant not guilty. However, the record supports

---

[5]The cocaine's weight affected the applicable sentence if the jury found petitioner guilty.

9

the jury's finding that petitioner sold cocaine as the continuing series of violations.[6] Petitioner further acknowledges that his two other convictions involving marijuana were not relevant to the indictment for the continuing criminal enterprise and could not be considered part of the continuing criminal enterprise. Moreover, appellate counsel is not required to assert all non-frivolous issues on appeal, "but rather may select from among them in order to maximize the likelihood of success on appeal." Smith v. Robbins, 528 U.S. 259, 285 (2000) (citing Strickland, 466 U.S. at 687-88). Reviewing courts must presume that in determining which issues to appeal, appellate counsel selected those issues most likely to afford relief. Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). It was certainly within the range of professional discretion to not argue petitioner's belief that the jury did not unanimously find him guilty of the predicate offenses when the jury instructions clearly indicate the opposite. See Strickland, 466 U.S. at 689 (presumption that counsel's conduct falls within the wide range of reasonable professional assistance). Therefore, counsel did not provide ineffective assistance regarding the jury instructions or the sufficiency of the evidence for the continuing criminal enterprise conviction, and the Supreme Court of Virginia's adjudication of these issues were not contrary to or an unreasonable application of federal law or based on an unreasonable determination of the facts.

Petitioner also alleges that counsel was ineffective for failing to object to "the

---

[6] A recitation of the Court of Appeals of Virginia's lengthy description of the facts ascertained from the trial is not necessary. See Ylst, 501 U.S. at 805-06 (federal courts can rely on a lower state court's recitation of facts following state supreme court's review). However, the record reflects that petitioner maintained two homes from which he often sold crack cocaine between 2003 and 2004. He used one house to sell "retail" to users and the other house to sell "wholesale" to dealers. Multiple witnesses involved in petitioner's drug trade testified that they and others received crack as compensation for supporting the crack-selling enterprise or in exchange for money. See Dunaway, 52 Va. App. at 287-92, 663 S.E.2d at 120-23. After reviewing the trial and appellate records, the evidence recited by the Court of Appeals established that petitioner manufactured, sold, gave, or distributed with intent 5 or more kilograms of any mixture of cocaine enough times to constitute a "series" of violations.

10

unconstitutional interpretation of . . . § 18.2-248(H2)." (Pet. 45.) Petitioner argues that Virginia courts' interpretation "allows the state to bypass the production of elements, allows the jury to convict while not having to agree about the elements and allows the petitioner to 'violate' V[irginia] laws without jurors agreeing so." (Pet 45.) However, I already determined that Virginia courts aptly applied Supreme Court jurisprudence to petitioner's state proceedings because the jury was constrained to find petitioner sold cocaine to constitute a continuing series of violations. As disucssed supra, counsel was not deficient for not prosecuting this claim, which is also how the Supreme Court of Virginia held. See Dunaway v. Warden, No. 091984, slip op. at 3 (dismissing ineffective assistance claim for failing to raise constitutional argument). Accordingly, petitioner is not entitled to the writ because he procedurally defaulted several claims and the remaining claims were adjudicated in accordance with 28 U.S.C. § 2254(d).

III.

For the foregoing reasons, I grant respondent's motion to dismiss and dismiss the petition for a writ of habeas corpus. Based upon my finding that the petitioner has not made the requisite substantial showing of denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a Certificate of Appealability is denied.

The Clerk is directed to send a copy of this memorandum opinion and the accompanying order to the petitioner and counsel for the respondent.

**ENTER:** This 26th day of May, 2010.

Senior United States District Judge